IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 4:10-CV-00128 |
| v. | ) ) ) |
| DOMESTIC FUELS & LUBES, INC. | ) ) |
| Defendant. | ) ) ) |

CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged that the Defendant, Domestic Fuels & Lubes, Inc. (the "Defendant"), discriminated against Ashley Edmondson by subjecting her to a hostile work environment based on her sex, female.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

By entering into this Consent Decree, Defendant denies the allegations contained in the EEOC's Complaint. The EEOC does not disavow its allegations as set forth in the Complaint. This Decree does not constitute an adjudication of the merits of this lawsuit. The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Ashley Edmondson the sum of $ 23,500 as compensatory damages in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Ashley Edmondson. Additionally, Defendant shall pay Patrice Walker, Esq., attorney for Ashley Edmondson, $3,000 in attorney's fees for her assistance to Ashley Edmondson in the present matter. Defendant shall issue to Ms. Edmondson an IRS Form 1099. Payments shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the checks to Ashley Edmondson and Patrice Walker, Esq. at addresses provided by the Commission. Within fifteen (15) days after the checks have been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the checks and proof of their delivery to Ashley Edmondson and Patrice Walker, Esq.

4. Within ten (10) days of the entry of this decree by the Court, Defendant shall segregate and seal from the employment records of Ashley Edmondson any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 846-2009-37626 and the related events that occurred thereafter, including the filing and presentation of this lawsuit. Within fifteen (15) days of the entry of this Decree by the Court, Defendant shall report compliance with this provision to the EEOC.[1]

5. Defendant agrees to provide a neutral letter of reference for Ashley Edmondson, a copy of which is attached hereto as Exhibit A. Within fifteen (15) days of the entry of this decree by the Court, Defendant shall mail a copy of the letter of reference, signed by the company president, to the EEOC.

6. Within sixty (60) days of the entry of this decree by the Court, Defendant shall revise and redistribute its formal, written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq., and its prohibition against sexual harassment; procedures for reporting discrimination, and assurances that employee complaints will be investigated and the results of such investigations communicated to the complaining employee. Additionally, Defendant will develop procedures for the immediate and thorough investigation of employee complaints. Defendant shall distribute to each current employee a copy of the policy within the aforementioned sixty (60) day time period. Within seventy-five (75) days of the entry of this Decree, Defendant shall report compliance to the Commission. During the term of this Decree,

---

[1] All reports to the EEOC required herein shall be made to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202

3

Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

7. During the term of this decree, Defendant shall post a copy of the policy described in paragraph 6, *supra*, in all of their facilities and work sites in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within forty-five (45) days after the Consent Decree is entered, Defendant will post the policy and notify the EEOC that it has been posted.

8. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. During the first training program, the revised policy will be handed out to and discussed with the attendees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibitions against harassment based on any protected category, with an emphasis on sexual harassment, and against any act of retaliation against those who have opposed unlawful discrimination in the workplace or who have participated in any EEOC process. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6. above, and an explanation of the rights and responsibilities of employees and managers under the policy. Each training program presented to managers shall further include an explanation of the procedures referenced in paragraph 6 for the thorough and immediate investigation of employee complaints of discrimination, and an explanation of each managers' responsibilities under those procedures.

The first training program shall be completed within one hundred twenty (120) days after entry of the Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) business days prior to each program,

4

Defendant shall provide the Commission with an agenda for the training program. Within ten (10) business days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Decree, in a place where it is visible to employees at all of its facilities and work sites. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

   A. The identities of all individuals who, during the previous six (6) months, have complained about comments or conduct based on sex, or alleged harassment based on sex under Title VII of the Civil Rights Act of 1964, or who have filed a charge, given testimony or assistance, or participated in any investigation, proceeding or hearing about comments or conduct based on sex, or alleged harassment based on sex under the foregoing statute, including by way of identification each person's name, address, telephone number, position, and social security number;
   B. for each individual identified in 10.A. above, provide a brief description of the individual's complaint and explain how Defendant investigated the incident, including but not limited to: (1) who conducted the investigation; (2) the names of anyone interviewed as part of the investigation; and (3) the outcome of the investigation;
   C. for each individual identified in 10.A. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

5

D. for each individual whose employment status has changed as identified in 10.C. above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send EEOC a "negative" report indicating no activity.

11. The Commission may review compliance with this Decree, without notice for the posting provisions in paragraphs 7 and 9 of this Decree. As part of such review, the Commission may inspect Defendant's Everetts, NC facility, interview employees, and examine and copy documents. If the Commission intends to interview employees and/or examine and copy documents, the Commission will provide 48 hours notice to Defendant's President John Santoro at sanoil@aol.com and Vice President, Christopher A. Ivey at ChrisIvey@domesticfuels.com.

12. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) business days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) business days or such additional period as may be agreed upon by them, in which to engage in negotiations regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Decree shall be for two (2) years from its entry by the Court.

14. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

The Clerk is DIRECTED to close this case.

1/17/2012
_____  
Date

[signature]
_____  
Senior Judge, U.S. District Court
Eastern District of North Carolina

The parties jointly request that the Court approve and enter the Consent Decree:

This the ___ day of _____, 2012

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


/s/ Lynette A. Barnes_____
LYNETTE A. BARNES
Regional Attorney
129 West Trade Street, Suite 400
Charlotte, N.C. 28202


/s/ Amy E. Garber_____
AMY E. GARBER
Senior Trial Attorney
Virginia State Bar No. 37336

Attorneys for Plaintiff
200 Granby Street, Suite 739
Norfolk, VA 23510
Telephone: (757) 441-3134
Facsimile: (757) 441-6720
Email: amy.garber@eeoc.gov

7

DOMESTIC FUELS & LUBES, INC.
Defendant


JACKSON LEWIS LLP
BY:  /s/ Patricia L. Holland
PATRICIA L. HOLLAND
State Bar No. 8816

PAUL S. HOLSCHER
State Bar No. 33991

Attorneys for Defendant
1400 Crescent Green, Suite 215
Cary, North Carolina 27511
Telephone: (919) 854-0044
Facsimile: (919) 854-0908
Email: patricia.holland@jacksonlewis.com
Email: paul.holscher@jacksonlewis.com

[LETTERHEAD OF DOMESTIC FUELS AND LUBES]

January __, 2012

Re: Ashley Edmondson

To Whom It May Concern:

Ashley Edmondson was first employed by Domestic Fuels & Lubes, Inc. from July 2003 until September 2004 as an Administrative Assistant. Ms. Edmondson resigned in September 2004 in order to pursue other employment.

Ms. Edmondson returned to Domestic Fuels & Lubes, Inc. on September 12, 2006, and resumed the position of Administrative Assistant. Ms. Edmondson then worked with the Company until she resigned effective August 3, 2010. At the time of her resignation, Ms. Edmondson held the position of Office Manager, and earned an hourly wage of $11.73.

Sincerely,


John Santoro
President
Domestic Fuels & Lubes, Inc.


EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Charlotte District Office**

129 West Trade Street, Suite 400
Charlotte, NC 28202
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Charlotte Status Line: (866) 408-8075
Direct Dial: (704) 344-6686
TTY (704) 344-6684
FAX (704) 954-6410
Website: www.eeoc.gov

## **NOTICE**

1. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Title VII of the Civil Rights Act of 1964, as amended, specifically prohibits discrimination based on sex, and makes it an unlawful employment practice to retaliate against any employee who complains of such discrimination.

2. Domestic Fuels & Lubes supports and will comply with such federal law in all respects. Furthermore, Domestic Fuels & Lubes will not take any actions against employees because the employee has exercised his/her rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

Employees have the right, and are encouraged to exercise that right, to report allegations of employment discrimination in the workplace. Employees may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M Street, NE
Washington, DC 20507
TEL: 1-800-669-4000     TTY: 1-800-669-6820

This Notice will remain posted for two (2) years by agreement with the U.S. Equal Employment Opportunity Commission.

DO NOT REMOVE THIS NOTICE UNTIL: _____, 2013.


EXHIBIT B